**RECEIVED**

APR 2 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE
JUDICIAL DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD JOSEPH PUMA, | § § § | No. 1:08-CV-00458-RMU |
| Petitioner/Plaintiff, | § | |
| Vs. | § § | MOTION FOR RECONSIDERATION OF ORDER ON MEMORANDUM OPINION |
| MICHAEL MUKASELY, ATTORNEY GENERAL FOR THE "UNITED STATES OF AMERICA," et al., | § § § § | |
| Respondent(s). | § § | |

COMES NOW, Ronald Joseph Puma, pro-se, in want of counsel, and respectfully moves this Court to reconsider it's decision, upon findings outlined in the Memorandum Opinion. Thus, dismissing Petitioner's **Common Law Writ of Habeas Corpus**. This Court ruled in it's Memorandum Opinion that Petitioner's relief existed in filing a §2255 motion, to challenge his judgment of conviction. Petitioner clearly challenges the condition of which he was incarcerated. Outlined in his Memorandum of Law with Incorporated Points and Authorities. Additionally, attached to the original filing, Petitioner included an: Administrative and Quasi-Judicial Notice, for this Court to issue a SHOW CAUSE ORDER to the Respondents'. Placing the burden upon them to SHOW CAUSE why the writ should not issue.

**ARGUMENT**

Counsel for Petitioner failed ab initio to raise or challenge the fact that the Federal Statutory Provision under which the Petitioner was charged was never enacted by Congress, unpromulgated in the Federal Register and possessed no public implementing authority in the Federal Code of Regulation. The Petitioner would like the record to reflect that the Federal Statutory under which he is charged, are in fact commercial regulatory statutes have not been promulgated in the Federal Register or the Code of Federal Regulations, as required under **44 U.S.C. §1505, et seq., and 5 U.S.C. §601**. Therefore, it is arguable that the Court has jurisdiction to adjudicate sanctions for violations of unpromulgated regulatory statutes. The Petitioner thus advances with supporting authority that no

the record to reflect that the Federal Statutory Provisions under which he is charged, are in fact commercial regulatory statutes have not been promulgated in the Federal Register or the Code of Federal Regulations, as required under 44 U.S.C. §1505, et. seq., and 5 U.S.C. §601. Therefore, it is arguable that the court has jurisdiction to adjudicate sanctions for violations of umpromulgated regulatory statutes. The Petitioner thus advances with supporting authorities that no documentation can be shown that the enumerated subsections under which the accused party is charged, have published regulations, thus, these Federal Statutory Provisions under which the Petitioner is charged, lack the force and effect of law, when misapplied beyond parameters of Rule 54(c) - Acts of Congress, of Federal Rules of Criminal Procedure.

2.

In Foley Brothers v. Filardo, 336 U.S. 281 (1949), the high court stated, " It is well established as a principle of law, that all federal legislation applies only within the territorial jurisdiction of the (federal) United States unless contrary intent appears." In order for a contrary intent to be facilitated, delegations of authority and implementing regulations must be published in the Federal Register.

3.

Fortunately, there is a readily available method for disclosing which Statutes at Large, and which statutes contained within the 50 Titles of the United States Code, possess either restricted application or general applicability to the several States and the population at large. This method is through consulting the Federal Tables of Authority and Rules.

4.

In Morning v. Family Publications Service, Inc., 411 U.S. 356, 369 (1973). In the framework of criminal prosecution, unclarity

///// - 2

in the statute or a regulation issued thereunder, is, enough to resolve doubts in favor of the defendant.

5.

There are fatal defects in the Government's charging instrument; the defense counsel was ineffective in failing to raise or challenge the self-evident and self-declaring defect in the government's charging instrument. The Petitioner argues that an indictment which fails to allege all of the elements of the alleged offense is defective and must be dismissed, where one of the elements is crucial and is in fact in sine qua to the legitimate application of the subsequent charged offense. The charging of the Petitioners offense to an alleged violation of the Federal Interstate Commerce Statute, otherwise Federal Subject Matter Jurisdiction is missing. See, **United States v. Pupo**, 841 F.2d 1235, the Petitioner argues that an indictment fails to appraise the accused party of what he must be prepared to defend against. Accordingly, an allegation of Interstate Commerce is jurisdiction and as such is an essential element in appraising the Petitioner of the Grand Jury's authority to indict. The Constitutional rights of an accused are violated when modification, at trial or by Court of Appeals acts to broaden the charge contained in the indictment, such modification contradict the very purpose of the Fifth Amendment Grandd Jury requirements. See, **United States v. Strone**, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct. (expressing similar views). The failure of the government to include in the indictment any charge that the Petitioner's conduct affected Interstate of Intrastate, or any commerce was not cured by the citation of the Statutes. In the sufficiency of an indictment it is the statement of facts in the pleading rather than the Statutory Citation that is controlling. See, **United States v. Wuco**, 535 F.2d 1225 (9th Cir. 1976). It is elementary that every ingredient of the crime must be charged in the bill, with a general reference note provisions of the statute being insufficient. See, **Hale v. United States**, 89 F.2d (4th Cir.) and **United States v. Berlin**, 472

///// - 3

F.2d 1002, 1007 (2nd Cir. 1973), also <u>United States v. Beard</u>, 414 F.2d 1014, 1017 (3rd Cir.)  This indictment can be sustained even if the government alleged and proved that the offense had a nexus to commerce.  See, <u>United States v. Lopez</u>, at F.3d 1342.

6.

It is in this sense that the Tenth Amendment state but a truism "that all is retained which has not been surrendered."  <u>United States v. Darby</u>, 312 U.S. 10, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430 (1941).  As Justice Story put is, "... this amendment is a mere affirmation of what, upon any just reasoning is a necessary rule of interpreting the Constitution.  Being an instrument of limited and enumerated power, that what is not conferred is withheld and belongs to the States authority," 3.j.  Story Commentaries on the Constitution of the United States 752 (1833).  The argument this Petitioner brings to this court is the Federal Government did not have jurisdiction over the geographical location wherein the alleged prohibitive activity took place, in land, which was never ceded to the United States, the interstate commerce element becomes essential to establish jurisdiction and prove every element of the offense.  Applying the rational of the Supreme Court in <u>United States v. Mechanik</u>, 475 U.S. 66, 70, 106 S.Ct. 938, 941, 89 L.Ed.2d 50 (1989) and <u>United States v. Hooker</u>, 841 F.2d 1225, like the decision in Hooker cannot be applied here because the court did had no jurisdiction to try the Petitioner on a count which failed to expressley allege an effect on inter or intra-state commerce.  Jurisdiction is lacking if the indictment did not allege a federal crime, by means of a connection with interstate commerce.  This action by the prosecutor, would certainly deprive the Petitioner the basic protection, which the guaranty of the intervention of a Grand Jury was designed to secure.  For the Petitioner could then be convicted on the basis of charges not found by and perhaps not even presented to the Grand Jury, which indicted him.

///// - 4

7.

There is no Amendment to the Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of which the party is charged.

8.

The undersigned committed no violations of the Federal Interstate Commerce Clause Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a commerce nexus. Thus, there is no showing of Federal Subject Matter Jurisdiction.

9.

The locus in quo where the alleged prohibitive acts of the undersigned took place is a geopgraphical location not within the legislative territorial or admiralty jurisdiction of the Federal Government.

WHEREFORE, the court should be compelled to find it does has jurisdiction in this instant matter, finding that the Petitioner committed no prohibitive acts within the legislative jurisdiction of the Federal United States, or within the reach of interstate commerce, therefore the Petitioner is unlawfully incarcerated and detained in violation of his secured Constitutional rights by way of judgment of the Court in want of jurisdiction.

THEREFORE, the must be released and discharged from Federal custody. In allowing the Government to address this argument presented, it should issue a **SHOW CAUSE ORDER** addressing why it should not issue a writ.

Date: 4-17-2008

Respectfully submitted

Ronald J. Puma

///// - 5